UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| MARY WHEATLEY and DANIEL WHEATLEY,<br><br>         Plaintiffs,<br><br>         v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>         Defendant. | No.  2:14-CV-0346-RHW<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12 & 16.  Attorney Robyn L. Pugsley represents Mary Wheatley ("Ms. Wheatley") and her son Daniel Wheatley ("Mr. Wheatley"). Special Assistant United States Attorney Christopher J. Brackett represents Defendant Colvin, Commissioner of Social Security (the "Commissioner").

Plaintiffs bring this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, dated February 21, 2003, which offset Ms. Wheatley's permanent partial disability award (her Washington State

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 1

workers' compensation claim) against her disability insurance benefits under Title II of the Social Security Act and against Mr. Wheatley's child insurance benefits. Having reviewed the parties' submissions, the Court is now fully informed. For the reasons set forth below, the Court grants Plaintiffs' Motion for Summary Judgment and directs entry of Judgment in favor of Plaintiffs. This case shall be remanded for a recalculation and refund of any offset against the Wheatleys' benefits.

## I.   Factual and Procedural History

Ms. Wheatley filed a workers' compensation claim on January 9, 2006, citing bilateral joint arthritis in her hands. AR 34. She filed a claim for Social Security disability insurance benefits under Title II of the Social Security Act on September 27, 2006, also alleging bilateral joint arthritis. AR 34-38.

Ms. Wheatley received a partial permanent disability award from the State of Washington Department of Labor and Industries in the amount of $43,538.13 on December 13, 2007.[1] AR 46-47. The State determined she was disabled in twenty-two percent of her right arm and twenty-six percent of her left arm, at or above the deltoid insertion or by disarticulation at the shoulder in both arms. AR 43-48.

On September 23, 2008, the Commissioner found Ms. Wheatley disabled and entitled to disability benefits under Title II of the Social Security Act, with her onset date of January 9, 2006. AR 29-38. Her benefits were due from July 2006 per

---

[1] Ms. Wheatley originally received an award of $26,304.30, but the award was revised in December 2007.

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 2**

Social Security Administration (the "Administration") rules. AR 57. In addition, Mr. Wheatley was found eligible for child insurance benefits, also beginning July 2006. AR 319-323.

In calculating the Wheatleys' benefits, the Administration did not offset Ms. Wheatley's partial permanent disability award. AR 66-67. On November 23, 2008, the Administration notified Ms. Wheatley that her benefits must be reduced because of this error. AR 57-63. Then, on March 11, 2009, the Administration notified Ms. Wheatley that it had overpaid her due to the error. AR 66-67. On the same date, the Administration also notified the Wheatleys that Ms. Wheatley's partial permanent disability award would be offset against Mr. Wheatley's child insurance benefits as well. AR 319-323. Subsequent notices were sent in September 2009 and May 2011. AR 106-111, 117-119, 141-146, 366-370.

At the Wheatleys' request for review, the Administration affirmed the overpayment on August 16, 2011. AR 197-198. The Wheatleys then requested a hearing before an Administrative Law Judge ("ALJ"). AR 212. The hearing was held in Spokane, Washington, on February 12, 2013, before ALJ Marie Palachuk. AR 558. The ALJ found that the Administration properly offset the partial permanent disability award against the Wheatleys' benefits, and while the error

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 3

was not the fault of the Wheatleys, recovery of the overpayment was not waived. AR 20-28.[2]

The Wheatleys requested review by the Appeals Council on March 5, 2014, AR 507-512. The Appeals Council denied the request on August 26, 2014, AR 6-9, making the ALJ's decision the final decision of the Commissioner.

## II. Issue

Whether the Commissioner erred in offsetting Ms. Wheatley's partial permanent disability award from her State workers' compensation claim against her disability insurance benefits and Mr. Wheatley's child insurance benefits.

## III. Discussion

**1. Legal Standard**

Under the Social Security Act, when a disability insurance benefits recipient receives "periodic benefits on account of his or her total or partial disability (whether or not permanent) under a workmen's compensation law or plan of the United States or a State," and both the workers' compensation benefits and the disability insurance benefits exceed eighty percent of the recipient's "average current earnings" at the time of disability, the workers' compensation award will be offset against the disability insurance benefits. 42 U.S.C. § 424a(a). Pursuant to Ninth Circuit law, "periodic" benefits also encompass lump-sum awards "as long

---
[2] The record contains only the ALJ's decision regarding Mr. Wheatley's benefits, but the Court assumes the same rationale applies to both Wheatleys.

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 4

as they are a commutation of, or a substitute for, periodic payments." *Hodge v. Shalala*, 27 F.3d 430, 432 (9th Cir. 1994) (internal quotes omitted). The purpose of this offset is to prevent duplication of benefits, which Congress believed would reduce an injured worker's incentive to return to work. *Richardson v. Belcher*, 404 U.S. 78, 82-83 (1971).

The *Hodge* Court looked to the underlying state workers' compensation law to determine if the statutory scheme was designed to compensate workers for their lost earnings. *See Hodge*, 27 F.3d at 433. When the purpose is wage replacement, the federal offset will apply. *Id.* While other Circuits have reached conclusions that do not incorporate state law, *see Olson, for Estate of Olson v. Apfel*, 170 F.3d 820, 822-25 (8th Cir. 1999); *Grant v. Weinberger*, 482 F.2d 1290, 1292 (6th Cir. 1973), *Hodge* is the controlling law in this Circuit.

In *Hodge*, the Ninth Circuit reviewed workers' compensation law in Oregon, the state in which the case originated. *Hodge*, 27 F.3d at 430-33. The *Hodge* Court determined that the Oregon legislature designed the scheme to "compensate for the economic loss of earning capacity," despite assigning specific dollar amounts to the loss of specific body parts. *Id.* at 433. Overall, the Oregon legislature had intended workers' compensation benefits to provide wage replacement. *Id.* (citing *Cutright v. Weyerhaeuser Co.*, 702 P.2d 403, 407 (1985)).

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 5**

Because *Hodge* analyzed the law of Oregon, the answer for Washington is open. Thus, this Court must analyze the purpose intended by the Washington legislature in its design of the workers' compensation award scheme to determine whether the federal offset applies to the Wheatleys' benefits.

**2. Washington State Workers' Compensation Law**

This Court recognizes that the Western and Eastern Districts of Washington have analyzed the overall purpose of the Washington scheme of workers' compensation awards and come to different conclusions. *See Kreutner v. Astrue*, No. C09-5676JRC, 2010 WL 2376182 (W.D. Wash. 2010) (holding that the purpose of the Washington workers' compensation law is to compensate workers for lost earning capacity); *Sutton v. Colvin*, No. C14-1734-JPD (W.D. Wash. 2015)(holding that a partial permanent disability award is intended to be a substitute for periodic benefits and the offset should apply); *Olson v. Colvin*, 31 F.Supp.3d 1176 (E.D. Wash. 2014)(holding partial permanent disability award was not a substitute for periodic benefits that would require federal offset).

The Western District determined that "Washington law, unlike the Oregon law, specifically does not measure permanent partial disability by the loss of earning power. However, this is a distinction without a difference." *Kreutner*, 2010 WL 2376182 at *3. Therefore, the Western District, found the offset to apply to a partial permanent disability award. *Id.* Conversely, the Eastern District found this

difference in the scheme "far from a distinction without a difference. In fact, the difference is dispositive." *Olson*, 31 F. Supp. at 1182. Recognizing neither as precedent, this Court agrees with its sister court in the Eastern District.

Under Washington case law, permanent partial disability is determined not on the basis of a worker's lost earning capacity, but rather on the loss of a bodily function. *Page v. Dep't. of Labor & Indus.*, 328 P.2d 663 (1958); *Cayce v. Dep't. of Labor & Indus.*, 467 P.2d 879, 881 (1970). In Washington, "[i]t is error to consider loss of earning power in fixing an award for permanent partial disability" and that an award "cannot vary on the basis of the age, employment career, training, experience, or field of work of the injured worker." *Cayce*, 467 P.2d at 881.

The information communicated to the public by the Department of Labor and Industries reinforces this concept. In response to the inquiry "will I lose my eligibility for a disability award if I go back to work?", the Department replies, "No. Permanent partial disabilities are based on the degree of your impairment, not on whether you can work." *Permanent Partial Disability*, WASHINGTON DEP'T. OF LABOR & INDUS., http://www.lni.wa.gov/ClaimsIns/Claims/Benefits/Ppd/default.asp (last visited Jan. 21, 2016).

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 7

Further, under the Washington scheme, an injury may have no effect on the worker's ability to earn wages, yet that injury is fully compensable. *McIndoe v. Dep't of Labor & Indus.*, 26 P.2d 903, 908 (2001). *Kostida v. Dep't of Labor & Indus.*, 247 P. 1014 (1926), also cited in *McIndoe*, illustrates this principle well. In *Kostida*, the court determined that a worker's loss of one testicle, which had no effect on his ability to earn wages as a miner, was still compensable because "[o]ne has a right to remain in possession of all those useful members of his body which are provided by nature." *Kostida*, 247 P. at 1016. Moreover, the *Kostida* court explicitly stated that "the sole criterion of a disability, partial in character and permanent in quality, under the statute, is not limited to the loss of earning power." *Id.*

As the *Olson* court noted, "the workers' compensation law serves a dual purpose and it is not designed solely to compensate for the economic loss of earning capacity." *Olson*, 31 F. Supp. at 1180. It is true that in calculating the dollar amounts for partial permanent disability awards, the legislature has implicitly factored in some anticipated loss of earning capacity following the loss of bodily function. *See Davis v. Bendix v. Corp.*, 917 P.2d 586, 590 (1996); *Franks v. Dep't of Labor & Indus.*, 215 P.2d 416, 424 (1950). However, just because there is some lost earning capacity considered does not mean the underlying purpose of the program, however, is to only recover the injured employee's lost wages.

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT ~ 8**

*Kostida* demonstrates the other important purpose–to compensate workers who have been disabled as part of their employment, regardless of the effect on future wages. This means that Ms. Wheatley would still have been eligible to receive the same partial permanent disability award even if she had not lost any of her earning capacity. Thus, it would be incorrect to state the purpose of the payment was only for missed wages.

This Court determines that Washington's workers' compensation law is not intended specifically to compensate for lost earning capacity. While earning capacity was one of the factors considered in the calculation of the pre-determined amounts associated with lost bodily function, the Washington scheme for partial permanent disability is sufficiently different from the Oregon scheme. Thus, federal offset should not apply.

### IV.   Conclusion

Based on the foregoing, the Court finds the Wheatleys' Social Security benefits were not subject to offset. Therefore, Plaintiffs' Motion for Summary Judgment is granted.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Summary Judgment, **ECF No. 12**, is **GRANTED.**

2. Defendant's Motion for Summary Judgment, **ECF No. 16,** is **DENIED.**

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 9

3. The District Court Executive is directed to enter judgment in favor of Plaintiffs and against Defendant.

4. This case shall be **REMANDED** for a recalculation and refund of any offset against the Wheatleys' Social Security benefits.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **close the file**.

**DATED** this 4th day of February, 2016.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge

**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT** ~ 10